**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:10-24063-CIV-MORENO

MOTOROLA MOBILITY, INC.,

      Plaintiff / Counterclaim Defendant,

v.

MICROSOFT CORPORATION,

      Defendant / Counterclaim Plaintiff.

_____/

**MOTOROLA MOBILITY, INC.'S OPPOSITION TO**
**DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION TO TRANSFER**

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Carrizosa v. Chiquita Brands Intern., Inc.*,
  No. 07-60821, 2007 WL 3458987 (S.D. Fla. November 14, 2007) .......................................11

*Geltech Soln's, Inc. v. Marteal, Ltd.*,
  No. 09-81027, 2010 WL 1791423 (S.D. Fla. May 5, 2010)......................................................9

*Global Innovation Tech. Holdings, LLC v. Acer Am. Corp.*,
  634 F. Supp. 2d 1346 (S.D. Fla. 2009) ...............................................................................8, 9

*In re Wyeth*,
  406 Fed. Appx. 475 (Fed. Cir. 2010)......................................................................................9

*Ivax Corp. v. B. Braun of Am., Inc.*,
  No. No. 00-4909-CIV, 2001 WL 253253 (S.D. Fla. Feb. 28, 2001) ......................................15

*Manuel v. Convergys Corp.*,
  430 F.3d 1132 (11th Cir. 2005) .............................................................................................9

*Mason v. Smithkline Beecham Clinical Labs.*,
  146 F. Supp. 2d 1355 (S.D.Fla. 2001) ............................................................................12, 14

*Motorola Mobility, Inc. v. Apple Inc.*
  No. 10-cv-23580, Order on Motion to Transfer Venue ................................................. 16, 17

*Omega Patents, LLC v. Lear Corp.*,
  No. 07-1422, 2009 WL 1513392 (M.D. Fla. Jan. 23, 2009)...................................................12

*Peteet v. Dow Chemical Co.*,
  868 F.2d 1428 (5th Cir. 1989) ...............................................................................................9

*Promex, LLC v. Perez Distrib. Fresno, Inc.*,
  No. 09-22285, 2010 WL 3452341 (S.D. Fla. Sept. 1, 2010) (Moreno, J.) ............................12

*Robinson v. Giarmarco & Bill, P.C.*,
  74 F.3d 253 (11th Cir. 1996) .....................................................................................8, 11, 13

*Steifel Labs., Inc. v. Galderma Labs., Inc.*,
  588 F. Supp. 2d 1336 (S.D. Fla. 2008) ............................................................................13, 15

### RULES & STATUTES

Wright & Miller § 1424 .............................................................................................................12

28 U.S.C. § 1404...........................................................................................................................1

i

Plaintiff Motorola Mobility, Inc. ("Motorola") opposes defendant/counterclaim plaintiff Microsoft Corporation's ("Microsoft") Motion to Transfer this action to the Western District of Washington (D.E. 62).

## I.   INTRODUCTION

Microsoft's motion – filed more than six months after the filing of Motorola's Complaint, five months after Microsoft filed its own permissive counterclaims, and mere weeks before discovery closes – does not genuinely seek transfer based on convenience or in the interest of justice, as required by 28 U.S.C. § 1404.  If convenience or the interest of justice truly mattered, Microsoft would have moved to transfer months ago.  Indeed, Microsoft did precisely that in other patent actions pending between the parties filed at nearly the same time as this action.  But rather than promptly seeking transfer as it did in those other cases, Microsoft *embraced* this District, alleging infringement of seven of its own patents as permissive counterclaims.

The delay in filing this motion is inexcusable – the relevant circumstances of this case are exactly what they were when this case was filed.  Indeed, Microsoft participated in the preparation of pretrial scheduling reports and a motion to modify the same (D.E. 49), all the while never indicating to either Motorola or the Court that it intended to seek transfer of this action.  And, Microsoft in its motion offers no explanation for why it delayed seeking transfer – presumably because none exists.  In light of Microsoft's timely transfer motions in the other cases between the parties and its unjustifiable delay in seeking transfer here, the motivation for its belated motion is clear:  delay the fast-approaching October 24, 2011 trial date and forum shop for a jurisdiction that it believes will be favorable to it.  These are not legitimate purposes for a motion to transfer.

But, regardless of Microsoft's purpose in filing this motion, Microsoft has failed to show that transfer is warranted.  When applied to all the facts, the relevant private and public transfer

factors actually weigh heavily ***against*** transfer. This District is close to one of Motorola's significant United States facilities (located in Plantation, less than 30 miles away from the courthouse). Two of the seven patents in suit either were invented or were prosecuted in this District and many of the inventors and prosecuting attorneys for the Motorola patents (who are now non-party witnesses) continue to reside in the area. Moreover, one of the products Microsoft has accused in its permissive counterclaims was designed, developed, marketed, and supported in this District. These facts undermine Microsoft's argument that the Western District of Washington is the "center of gravity" of this dispute.

In addition to its erroneous "center of gravity" argument, Microsoft argues that transferring this case to Washington (where other cases between the parties are pending) supposedly will promote efficient use of judicial resources and streamline the dispute. In fact, doing so would have the opposite effect. ***None*** of the fourteen patents at issue here overlaps with any in Washington. And despite Microsoft's vague generalizations of similarities between the patents and accused products in this case and in the Washington cases, Microsoft concedes that "the specific accused technology in each case is different." (D.E. 62 at 16.) Transferring this action would force the District Court in Washington to contend with an unworkably large number of patents that have significant dissimilarities. Efficiency will not be served by transferring yet another case to Washington, but by keeping this case on track for trial here.

Trial is set for October 24, 2011, and the case is in the final stages of discovery – millions of pages of documents have been produced, over 25 depositions have been or are being scheduled, expert reports are being drafted, and the parties have been engaged in claim construction activities for weeks. To transfer this case now, at this late hour, would result only in delay and significant prejudice to Motorola. Microsoft's motion should be denied.

2

## II.    THE FACTS WEIGH HEAVILY AGAINST TRANSFER TO WASHINGTON

Microsoft repeatedly argues that this District has little, if any, connection with this dispute.  (D.E. 62 at 1, 11.)  In doing so, Microsoft chooses to rely only on facts that support its Washington-centric view of this dispute.  But consideration of *all* relevant facts strongly favor denial of Microsoft's motion, including: (1) Motorola's Plantation facility is a substantial connection to this District; (2) one of the phones accused by Microsoft in its permissive counterclaims (the i1 iDEN phone) was designed, developed, marketed, and supported in Plantation; (3) two of the Motorola patents have a significant connection to this District; and (4) the Washington actions do not involve the same patents or accused technology as this case.

### A.    Motorola's Plantation, FL Location Is A Substantial Tie To This District

Motorola's facility in Plantation is located at 8000 West Sunrise Boulevard.  (Decl. of C. Masci ("Masci Decl.") ¶ 3.)  This facility handles sales operations (other than distribution) for a total of thirty (30%) percent of Motorola sales units, including fifty (50%) percent of the Worldwide sales for its iDEN phones – one of which has been accused of infringement in Microsoft's permissive counterclaims.  (*Id.* ¶ 4.)  The Plantation facility's sales for Motorola in 2010 were $2.1 billion, with a total of 15.5 million handsets shipped.  (*Id.* ¶ 8.)

In addition to providing management and technical support for several Motorola phones, (*Id.* ¶ 6.), the Plantation location also houses the headquarters for Latin America business for Motorola.  (*Id.* ¶ 7.)   This organization includes management, sales, finance, legal, and operations.  The Plantation site also includes the Latin America ("LATAM") sales organization for all of Motorola and the iDEN International sales organization.  (*Id.* ¶ 8.)

### B.    Two Of The Patents-In-Suit Have A Significant Connection To This District

Two of the patents in suit – U.S. Patents Nos. 6,983,370 and 5,784,001– resulted from inventive activities in Plantation.  (Decl. of Kevin J. Post ("Post Decl.") at ¶¶ 3, 4; Exhs. A, B.)

3

Motorola employed each of the six inventors for these patents at its Plantation facility and the work that resulted in these patents took place there.  (*Id.*)  These activities required a substantial investment by Motorola of time, money and resources that are directly relevant to this case.

### C.  Numerous Non-Party Witnesses Are Located In The District

As a result of Motorola's long-time presence in the Plantation area and its history of product development here, a large number of non-party witnesses are located in the District. And because Motorola no longer employs these individuals, this Court – and ***not*** the Western District of Washington – has the unique ability to subpoena their presence for trial.  Based on current information, there are currently at least eleven such non-party witnesses:

- Joan DeLuca (Inventor of U.S. Patent No. 5,784,001) – Boca Raton, FL
- Senaka Balasuriya (Inventor of U.S. Patent No. 6,757,544) – Weston, FL
- Eric Eaton (Inventor of U.S. Patent No. 6,983,370) – Lake Worth, FL
- David Hayes (Inventor of U.S. Patent No. 6,983,370) – Lake Worth, FL
- Von Mock (Inventor of U.S. Patent No. 6,983,370) – Lake Worth, FL
- Michael Zazzara (Prosecuting attorney for U.S. Patent No. 5,784,001) – Delray Beach, FL
- Gregg Rasor (Prosecuting attorney for U.S. Patent No. 5,784,001) – Lantana, FL
- Pablo Meles (Prosecution of U.S. Patent Nos. 5,784,001 and 6,272,333) – Weston, FL
- Philip Macnak (Prosecution of U.S. Patent Nos. 5,784,001 and 6,272,333) – West Palm Beach, FL
- Daniel Crilly (Prosecution of U. S. Patent No. 6,408,176) – Fort Lauderdale, FL
- Randi Karpinia (Prosecution of United States Patent No. 6,983,370) – Plantation, FL

(Post Decl. ¶¶ 5-20; Exhs. A-O.)

In contrast, despite Microsoft's general proclamation that its knowledgeable witnesses all reside in the Seattle area, Microsoft did not identify a single relevant, non-party witness in that District who could be compelled to appear at trial.

### D.    One Of The Products Microsoft Has Accused of Infringement Was Developed And Designed In Plantation And Marketed and Supported Here

Plantation is the main Motorola campus for the design and development of iDEN products.  (Masci Decl. ¶ 4.)  The i1 iDEN phone – accused of infringing *five* Microsoft patents in this case – was developed at Plantation between January 2009 and June 2010.  (Decl. of J. Conroy ("Conroy Decl.") ¶ 4).)  All of the lead Motorola employees for the product and most of the rest of the employees who worked on the product were located in Plantation.  (*Id.*)  The bulk of the work on the product was carried out in Plantation and included software design work, electrical work, mechanical work, media decision-making, and marketing.  (*Id.* ¶¶ 2, 4.)  This work included the design of the accused gesture recognition and data synchronization features on the i1 phone.  (*Id.* ¶ 4.)  In addition to the foregoing local activities, a manager at the Plantation facility oversaw integration of work on the i1 phone carried out at other locations.  (*Id.* ¶ 5.)[1]

Work on the i1 iDEN phone was a priority for the Plantation location.  (*Id.* ¶ 6.)  Plantation was the logical choice for development of this product because the Motorola employees with expertise in the iDEN network are located here.  In fact, the technology for the i1 IDEN phone grew out of this expertise.  (*Id.*)  At peak, about 74 people at the Plantation location were working on the i1 IDEN phone.  (*Id.* at ¶ 7.)  And numerous documents relating to the design, development, testing, and marketing of the i1 phone were collected from – and remain located at – the Plantation facility.  (*Id.* at. ¶ 12.)

### E.    The Pending Washington Disputes Do Not Relate To This Action

The supposedly "related" cases in Washington have virtually nothing to do with this action.  Any alleged "relationship" is based on the named parties – nothing more.

---

[1]    Some of the development work was carried out in China, Chicago, and San Diego.  (Conroy Decl. ¶ 5.)  None of that work was done in Washington.

One of the two active cases pending in Washington (the 1823 Action) is a breach of contract action relating to Motorola's offer for a license to its 802.11 and H.264 essential patent portfolios.  There is **no** breach of contract issue in Florida.  The 1823 Action was consolidated with the 343 Action – a patent infringement action that includes three Motorola patents.[2]  These patents relate to video compression technology and are asserted against Windows 7.  (Post Decl. ¶¶ 21, 22; Exhs. P, Q.)  While Microsoft points out that Windows 7 is accused here (D.E. 62 at 15), there is **nothing** even remotely close to video compression technology at issue in this case.  (Post Decl. ¶¶ 21, 23; Exhs. P, R.)  Microsoft does not contend otherwise.  The other active case in Washington (the 595 Action) also is a patent infringement action.  (Post Decl. ¶ 24; Exh. S.)  It includes five Motorola patents asserted against Microsoft's Kinect and Xbox gaming systems, relating to biometric sensing, graphical passwords, telepresence communications, and multi-player wireless gaming.  These patents and the accused products have **nothing** to do with this action.[3]  (Post Decl. ¶¶ 25, 26; Exhs. T, U.)  Microsoft, again, does not contend otherwise.

Microsoft argues that the technology of the Microsoft patents asserted in its permissive counterclaims here is similar to the technology of the patents it has asserted in the Washington actions.  For example, Microsoft concludes – without any analysis whatsoever – that the '536 and '853 patents in this case and the '582 patent in the 1823 Action are similar because they each relate to detecting touchscreen input.  (D.E. 62 at 16).  But, even a cursory examination of these patents shows that this is misleading – while the '536 and '853 patents claim the recognition of handwritten user "gestures" supplied using a touchscreen, the '582 patent relates to a keyboard

---

[2]     *See* Post Decl. ¶ 31, Exh. Z (Order Granting in Part and Denying in Part Motorola's Motion to Dismiss, Denying Microsoft's Motion to Dismiss and Consolidating Case No. C10-1823JLR and C11-343JLR (Case No. 10-cv-1823) (W.D. Wash. June 1, 2011)).

[3]     A fourth case (the 1577 Action) is stayed pending completion of an action in the International Trade Commission.  Therefore, that stayed case is irrelevant to any overlap, because no economy can be gained from parallel proceedings.  Nevertheless, Microsoft does not contend that the Microsoft patents in the stayed 1577 Action overlaps with Microsoft's patents here in Florida.

displayed on a device. (Post Decl. ¶ 23; Exh. R.) Microsoft makes the same conclusory statements about the '460 patent in this case and the '276 and '642 patents asserted in Washington. (D.E. 62 at 16-17.) Again, a cursory examination of these patents contradicts Microsoft's statements – whereas the '276 patent relates to a notification system that generates user-recognizable alerts and the '642 patent relates to flash memory management, the '460 patent describes and claims a lower-level hardware timer, which is completely unrelated and detached from the claimed inventions of the other patents. (Post Decl. ¶¶ 26, 32; Exhs. U, AA.) Indeed, Microsoft concedes that "the specific accused technology in each case is different because each patent covers a different 'invention….'" (D.E. 62 at 15-16.) Accordingly, none of the technical testimony in Washington will overlap with the testimony in this case. Microsoft has not shown otherwise.[4]

Importantly, many of the alleged similarities between here and Washington on which Microsoft attempts to rely (*see, e.g.*, D.E. 62 at 16-17) are due to Microsoft's own permissive patent counterclaims that it filed here. Microsoft surely could have asserted these seven patents in Washington, but it chose not to do so. Instead, it ***voluntarily*** asserted these patents as permissive counterclaims here and engaged in extensive discovery relating to these patents. It comes with ill grace for Microsoft to rely on these very same permissive counterclaims to bootstrap its transfer request. At the time it filed the permissive counterclaims here, Microsoft surely believed that doing so would be convenient and be consistent with conserving judicial resources. No material change has occurred since Microsoft made that decision.

---

[4]     And even to the extent similar products are accused of infringement, damages testimony will relate to the specific accused features and will be necessarily unique in each case.

**F.      The Washington Actions Will Not Be Heard As Expeditiously As Here**

This action was filed on November 10, 2010, and trial is set for October 24, 2011.  (D.E. 36.)  The two active Washington actions were filed about the same time – on October 1, 2010, and December 21, 2010.  Yet, neither Washington case has a trial date set or a scheduling order. While the parties have served some limited discovery, neither party has produced documents and no depositions have been taken.

**III.     ARGUMENT**

Microsoft makes the general statement in its motion that "[t]he private interest factors – such as the locus of operative facts (i.e., the case's center of gravity) and the convenience and location of relevant witnesses and other sources of proof – favors transferring this case to the Western District of Washington" and that "the public interest factors also support the transfer of this case."  (D.E. 62 at 7.)  But, an examination of the relevant facts tells a different story – this dispute has a direct relationship to this District and to transfer it to Washington now would result in delay and resultant prejudice to Motorola.

**A.      The Relevant Law**

"To obtain a transfer, a movant must show (1) the availability of an adequate alternative forum; (2) that public and private factors weigh in favor of transfer; and (3) that the plaintiff can reinstate the action in the alternative forum without undue inconvenience or prejudice."  *Global Innovation Tech. Holdings, LLC v. Acer Am. Corp.*, 634 F. Supp. 2d 1346, 1347 (S.D. Fla. 2009).  Courts in the Eleventh Circuit have exercised their discretion under this statute carefully, stating that "[t]he plaintiff's choice of forum should not be disturbed unless it is ***clearly outweighed*** by other considerations."  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citing *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)) (emphasis added). In making this determination, courts in the Eleventh Circuit consider the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).  Transfer is appropriate only if the moving party shows that the totality of the circumstances favor transfer.[5]

### B.    Microsoft's Unjustified Delay In Seeking Transfer Will Prejudice Motorola

Parties seeking a change of venue should act with "reasonable promptness."  *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, *supra*, § 3844 at 335-37).  "Courts have considered a party's delay in denying a motion to transfer."  *Id.*; *see also In re Wyeth*, 406 Fed. Appx. 475, 477 (Fed. Cir. 2010) (denying petitioner's request for a writ of mandamus regarding transfer of a patent case, in part, because of petitioner's delay in requesting transfer).  This Court has recognized that transfer is appropriate only when "the plaintiff can reinstate the action in the alternative forum without undue inconvenience or prejudice."  *Global Innovation Tech. Holdings, LLC*, 634 F. Supp. 2d at 1347.

Microsoft has not acted diligently in moving for transfer.  This case has been proceeding in this District for over six months.  The Court issued its pretrial schedule on January 4, 2011, the parties filed a joint motion to modify that schedule on April 4, fact discovery closes on July 7, and trial has long been set for October 24, 2011.  (D.E. 23, 36, 49.)  Motorola has been diligently pursuing and responding to discovery to place this case in position for trial.  To date, Motorola has produced over 7 million pages of documents, and more than 25 depositions have or

---

[5]      *See, e.g.*, *Geltech Soln's, Inc. v. Marteal, Ltd.*, No. 09-81027, 2010 WL 1791423, at *6 (S.D. Fla. May 5, 2010) (denying transfer and stating that "[i]n a motion to transfer, the burden is on the movant to establish that the suggested forum is more convenient") (internal quotations and citation omitted).

being scheduled.  The parties have engaged in substantial claim construction activities and preliminary expert reports are being finalized for exchange later this month.  Despite all this activity, Microsoft delayed filing its transfer motion until now, just weeks away from the completion of fact discovery.

Any transfer now will result in a significant delay in having this case tried.  Indeed, the cases pending in Washington were filed around the same time as this case, yet no trial date has been set and no scheduling orders have been entered.  And, when the 343 Action was consolidated with the 1823 Action, the Washington court reset the date of the Parties' Joint Status Report – further delaying progress there.  The prejudice to Motorola of a delay in trial occasioned by transfer is real and cannot seriously be disputed by Microsoft.

Microsoft tries to downplay the delay transfer would create by ignoring the actual posture of these cases and instead citing general time-to-trial statistics, concluding that average differences in the time to trial are not significant.  (D.E. 62 at 17 n.1.)  Such statistics might have been meaningful if Microsoft filed this motion at the outset of the case instead of countersuing. But now, they are irrelevant.  The reality is that trial of this action has been scheduled to begin in less than five months.  None of the "related" cases identified by Microsoft that are pending in the Western District of Washington even has a trial date.  It will be nearly impossible to get resolution of these claims anytime close to October 2011.

The prejudice to Motorola based on Microsoft's failure to act promptly is amplified when compared with Microsoft's motions to transfer the two Wisconsin actions to Washington. Microsoft filed those motions about six weeks after those cases were filed.  Microsoft could have – and if it truly believed transfer was warranted, should have – moved to transfer this case long

ago.  But, it did not do so, and there is no justification for its delay.[6]  The relevant circumstances are the same today as they were six months ago when this case was first filed.

### C.      The Private Interest Factors Weigh Against Transfer

Microsoft argues that the private factors favor transfer because (1) Motorola's choice of forum should not be given any deference, (2) this action has no meaningful connection to this District, (3) Washington in the center of gravity of this dispute, and (4) transfer would provide easier access to sources of proof.  None of these support transfer.

#### 1.      The District Has A Substantial Connection To This District And Motorola's Choice of Forum Should Not Be Disturbed

According to Eleventh Circuit law, "[t]he plaintiff's choice of forum should not be disturbed unless it is *clearly outweighed* by other considerations."  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (affirming denial of transfer motion) (internal quotations and citation omitted) (emphasis added).  When transfer would "merely shift inconvenience from the defendants to the plaintiff," the plaintiff's choice of forum should prevail.  *Id.*; *Carrizosa v. Chiquita Brands Intern., Inc.,* No. 07-60821, 2007 WL 3458987, at *3 (S.D. Fla. November 14, 2007) ("[t]he movant must ... show that the balance of convenience *strongly favors* transfer in order to overcome the presumption in favor of the plaintiffs choice of forum," even when the plaintiff is not resident in the forum) (internal quotations and citation omitted) (emphasis added).

Microsoft argues that "where the operative facts underlying the action occurred outside the District in which the action is brought, … a plaintiff's choice of forum is not entitled to any

---

[6]      Any argument by Microsoft that the recent transfers of the cases from Wisconsin justify its belated transfer motion falls short. The Wisconsin Court transferred one of the cases on February 18, 2011.  (Post Decl. ¶ 29; Exh. X.)  Despite this, Microsoft still waited three months before filing its motion.

deference and the action should be transferred."  (D.E. 62 at 8).[7]  Microsoft, however, ignores Motorola's – and this dispute's – substantial connection to this District.  As discussed above, Motorola operates a substantial facility in Plantation that was responsible for over $2 billion in sales in 2010 alone.  And, one of the products accused by Microsoft of infringement – the Motorola i1 – was designed, developed and supported in Plantation.  In addition, two of the seven patents asserted by Motorola have substantial ties to this District.  And there are 11 non-party Motorola witnesses in this District.

Accordingly, Motorola's decision to file here based on its extensive connection to the District – which only has been enhanced after Microsoft chose to file its permissive counterclaims here[8] – cannot and should not be ignored.  *See Omega Patents, LLC v. Lear Corp.*, No. 07-1422, 2009 WL 1513392, at *4 (M.D. Fla. Jan. 23, 2009) (denying transfer motion and stating that the Eleventh Circuit "continues to credit a Plaintiff's choice of forum, unless clearly outweighed by other considerations," even when the plaintiff is not a resident).[9]

### 2. Microsoft Ignores The Existence Of Numerous Non-Party Witnesses In This District, Whose Presence Strongly Weighs Against Transfer

As this Court has recognized, trying a case in Florida when non-party witnesses reside here "increases the availability of process to compel the attendance of these potential witnesses."  *Promex, LLC v. Perez Distrib. Fresno, Inc.*, No. 09-22285, 2010 WL 3452341 at *11 (S.D. Fla.

---

[7]     None of the cases Microsoft cites in its Brief (D.E. 62 at 8, 9) addresses the issue faced by this Court – namely, whether transfer is appropriate when a significant number of non-party witnesses reside in the District, and a defendant's counterclaims implicate a locally developed accused product.  As discussed above, it is not.

[8]     "[A] party bringing a claim under Rule 13(b) [i.e., permissive counterclaim] is actually indicating a desire to use the forum for personal objectives.  Thus, by interposing a claim for relief defendant ***has waived the right to object to the venue of the action*** . . . .  Stated briefly, this result follows logically from the notion that a party who invokes the power of the court in order to assert a claim against a particular person should not be able to object simultaneously to the inconvenience of that forum for purposes of defending against a claim by that same party."  Wright & Miller § 1424 (emphasis added).

[9]     Microsoft points out that during oral argument on the transfer motion in the *Motorola v. Apple* case, Judge Ungaro commented that Motorola may have been forum shopping by filing here.  (D.E. 62 at 10 n.6).  Notably, Judge Ungaro's order denying the transfer motion found no evidence of forum shopping.

Sept. 1, 2010) (denying motion to transfer) (Moreno, J.).  Ensuring attendance of non-party witnesses at trial is a more important consideration than general witness convenience.  *See Mason*, 146 F. Supp. 2d at 1361.

As explained above, eleven inventors and prosecuting attorneys who are no longer employed by Motorola all reside within the subpoena power of this Court.  These witnesses are expected to provide testimony regarding the inventive activity taking place at Motorola, the conception of the inventions resulting in the patents in suit, the state of the art at the time of the invention and the manner in which these patents were procured.  In contrast, Microsoft has failed to identify a single non-party witness who could be compelled to attend trial in Seattle.  But, even some non-party witnesses in Washington would not "clearly outweigh" the presence of at least eleven non-party witnesses here.

### 3.     Washington Is Not The "Center Of Gravity" Of This Dispute

By arguing that Washington is the center of gravity of this dispute (D.E. 62 at 10-11), Microsoft is telling only part of the story.  Although some *Microsoft* witnesses do reside in Washington, and the *Microsoft* accused products may have been developed (at least in part) there, that does not end the inquiry.  This dispute is far more national than Microsoft describes and there is no single location that is the center of gravity.

In addition to the substantial connection Motorola and this dispute have to this District, many of the Motorola products accused by Microsoft were designed and developed in locations far from Washington.  Substantial engineering and software work was performed in the greater-Chicago area, along with input from other Motorola facilities, such as those located in California.  And Motorola's set-top box products accused of infringement by Microsoft were designed, developed and supported mainly in Horsham, Pennsylvania.  (Post Decl. ¶ 30; Exh. Y.)

With headquarters and major facilities and significant witnesses spread across the country, transferring this case to Washington would merely shift the burden of travel from Microsoft to Motorola. But, in doing so, transfer would improperly put a disproportionate burden on Motorola's non-party witnesses that reside in this District. *See Robinson*, 74 F.3d at 260. And the possibility that material non-party witnesses cannot be compelled to attend trial is a more important inquiry than the convenience of party witnesses. *See Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1340 (S.D. Fla. 2008) ("[W]hen considering [the convenience of non-party witnesses], it is not so much the convenience of the witnesses but the possibility of having their testimony at trial"). Moreover, Microsoft does not state that it will be unable to bring its witnesses to Florida for trial – likely because it knows it can do so. *See Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001) ("[T]ransfer may be denied when the witnesses, although in another District, are employees of a party and their presence can be obtained by that party.").

Finally, Microsoft's argument that Washington is the center of gravity of this dispute is belied by its decision to file permissive counterclaims in this District. Incredibly, Microsoft relies on the location of the Microsoft inventors of its permissive counterclaim patents to support its transfer motion. (D.E. 62 at 11.) If the location of Microsoft's inventors were that important to Microsoft, Microsoft could and should have asserted its counterclaim patents in Washington in the first instance (where it already had other cases pending against Motorola), rather than in this action as permissive counterclaims. But it chose not to do so, ignoring the convenience of its own inventors. Given that Microsoft voluntarily asserted its patents in this action, the location of the inventors of those patents is completely irrelevant.[10] Microsoft should not be allowed to

---

[10]   Microsoft's focus on the decision of the Wisconsin Court to transfer the Wisconsin cases is misplaced. (D.E. 62 at 10.) First, Motorola does not have a facility in Wisconsin, while it does in Florida. Second, two of the

avail itself of this District by asserting permissive counterclaims only to turn around and use that as a means to hijack Motorola's choice of forum.

### 4.    The Location Of Sources Of Proof Is A Neutral Factor

Contrary to Microsoft's arguments, the location of sources of proof is not a factor that weighs in favor of transfer here.  As is typical in cases like these, most documents and information are maintained electronically and can be moved easily around the country.  *See Steifel*, 588 F. Supp. 2d at 1340 ("[T]his Court believes that, in the current world of expedited transfer of information, assembly and production of any necessary information can be produced just as easily in this District as in Texas."); *Ivax Corp. v. B. Braun of Am., Inc.*, No. No. 00-4909-CIV, 2001 WL 253253, at *2 (S.D. Fla. Feb. 28, 2001) ("In the real world of computerization and electronic transfer of information, the assemblage of accounting data can be accomplished as easily in Miami, Florida as elsewhere.").  In any event, because of Microsoft's delay in filing this motion, many – if not nearly all – documents *already have been produced* in this action.  Thus, by the time this motion is fully briefed, this factor will be irrelevant.[11]

### D.    The Public Interest Favors Prompt Resolution Of This Case In This District

Microsoft argues that the public factors favor transfer primarily because (1) this District has no local interest in trying this case and (2) public interest favors consolidated litigation in patent cases.  These factors do not support transfer.

Microsoft states that residents in Washington have a local interest in resolving disputes over the validity of Microsoft's patents and issues concerning Microsoft's products because

---

seven Motorola patents in this case had a connection to this District, and there are at least eleven non-party witnesses here – the same can not be said for Wisconsin.  Third, unlike here, Microsoft did not delay in seeking transfer.  Fourth, the difference in time to trial between Wisconsin and Washington was minimal.  Trial has been set in this case for October 2011, while the parties are still waiting for a trial date in Washington.

[11]       The remaining private factors – convenience of the parties and their relative means – are neutral here.  Both parties are large corporate entities with national counsel and sufficient means to try these cases in any District.

Microsoft is located there. (D.E. 62 at 15). Under any logic, given the extensive connection that this case has to this District, the same must hold true here. Indeed, the local interest here results not just from the fact that Motorola has a facility in this District, but also because two of the patents-in-suit have a connection to the District and one of the accused products was developed here. If anything, local interest is a neutral factor and does not strongly favor transfer. Again, if local interest was so important to Microsoft, one would have expected it to file its permissive counterclaims in Washington originally. Microsoft's "local interest" argument is wholly discredited by its decision to file permissive counterclaims here.

Microsoft next argues that public interest favors consolidation, especially in patent cases. (D.E. 62 at 15.) But, again, Microsoft's own actions undercut its self-serving statements. For example, despite transfer of the 595 Action to Washington months ago, Microsoft did not request consolidation of that case. And Microsoft's arguments about the benefits of consolidation are completely undermined by its decision to assert its patents here as permissive counterclaims, rather than adding them to the 1823 Action or even filing an original patent action in Washington. Microsoft's own actions mock its belated suggestion that consolidation in Washington should override Motorola's choice of forum and convenience.

Microsoft even goes so far as to point to supposed similarities between the Microsoft patents and Motorola accused products in this case and the Washington cases. (D.E. 62 at 16-17.) These arguments deserve only to be disregarded. Microsoft cannot voluntarily assert its patents in this District and then argue later that that this case should be transferred because the patents it chose to assert (and the products they are asserted against) supposedly are similar to those in a District in which it could have asserted its patents in the first place. Microsoft's

decision to ignore Washington for these patents and then assert "overlap" was little more than a bootstraps effort to manufacture "relatedness."

And, even if the Court does decide to consider the supposed "similarities" between the patents asserted here and in Washington, Microsoft "bears the burden of explaining to the Court exactly how the [technical] elements involved in the ... patents are similar to those in the [Washington] patents." *See Motorola Mobility, Inc. v. Apple Inc.* No. 10-cv-23580, Order on Motion to Transfer Venue (D.E. 85) at 5. Microsoft has not met this burden. As explained above, the best Microsoft can offer is vague generalities and conclusory statements that there is a general overlap in technology. As this Court recently recognized, a general overlap in technology is simply not enough to consider actions sufficiently related for transfer to be required. *See id.*

Ultimately, the transfer of this action – and its consolidation with the actions pending in Washington – would not advance the interest of justice, nor would it result in increased judicial efficiency. Rather, transfer would create a dispute with in an unworkably large number of patents (38) in Washington, along with a corresponding complex mixture of technologies and legal issues – a complicated dispute by any measure that would require significant judicial resources to untangle. Indeed, it would create monumental jury confusion if the cases are tried together, and would offer no efficiency over Florida if the cases are tried separately. This is hardly a formula for convenience or efficiency.

And, as explained above, the patents in this case are directed to different technologies and functionality than those in Washington and transfer only will complicate an already complicated set of actions in Washington. Judge Ungaro recently came to the same conclusion and denied

17

Apple's motion to transfer a case filed by Motorola in this District to a district where other patent litigation between the parties was pending:

> The Court finds more convincing Motorola's contention that the overlap is too general to lead to gains in efficiency upon transfer to Wisconsin.  Transferring this action to the Western District of Wisconsin would force that court to contend with an unworkably large number of patents that involve technologies that have some similarities but which also have significant dissimilarities.

*Id.* at 6.

**IV.     CONCLUSION**

Microsoft's motion to transfer – filed more than six months after the filing of Motorola's Complaint – comes too late and ignores Motorola's extensive connection to this District. Transferring this case, after the parties have made significant advancement toward trial, would be an inefficient use of resources and would hinder, rather than help, the parties' ability to resolve their dispute.  Microsoft simply has not shown, and cannot show, that transfer would promote convenience and efficiency.  Microsoft's motion should be denied.


June 6, 2011                                    Respectfully submitted,

                                                __ /s/Edward M. Mullins
                                                Edward M. Mullins, Fla. Bar No. 863920
                                                emullins@astidavis.com
                                                Hal M. Lucas, Fla. Bar No. 0853011
                                                hlucas@astidavis.com
                                                ASTIGARRAGA DAVIS MULLINS
                                                & GROSSMAN, P.A.
                                                701 Brickell Avenue, 16th Floor
                                                Miami, FL 33131
                                                Tel.: (305) 372-8282; Fax. (305) 372-8202

                                                Local Counsel for Plaintiff,
                                                MOTOROLA MOBILITY, INC.

Jesse J. Jenner
(admitted *pro hac vice*)
Steven Pepe
(admitted *pro hac vice*)
Khue Hoang
(admitted *pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090

Norman H. Beamer
(admitted *pro hac vice*)
Mark D. Rowland
(admitted *pro hac vice*)
Gabrielle E. Higgins
(admitted *pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303
Telephone:  (650) 617-4000
Facsimile:  (650) 617-4090

Lead Counsel for Plaintiff,
MOTOROLA MOBILITY, INC.

19

## CERTIFICATE OF SERVICE

   I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system on June 6, 2011, which will cause a true copy of same to be served this day upon all counsel of record included in the attached Service List by transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for counsel of record that have not subscribed to receive electronically Notices of Electronic Filing.

        /s/Edward M. Mullins
        Edward M. Mullins


## SERVICE LIST

*Motorola Mobility, Inc. v. Microsoft Corp.*, Case No. 1:10-cv-24063-MORENO/TORRES

Roberto Martinez, Esq.
Curtis Miner, Esq.
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134

David T. Pritikin
Richard A. Cederoth
Douglas I. Lewis
John W. McBride
Ellen S. Robbins
Erin E. Kelly
Herman F. Webley
John W. McBride
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

Brian R. Nester
Kevin C. Wheeler
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005

20

Paul D. Tripodi, II
Sandra Fujiyama
Theodore W. Chandler
Michael C. Lee
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013

Philip W. Woo
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California  94104

Tung T. Nguyen
SIDLEY AUSTIN LLP
717 North Harwood Suite 3400
Dallas, Texas  75201

*Attorneys for Defendant and Counterclaim Plaintiff, Microsoft Corporation*

21