10-24063.oa

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-24063-CIV-MORENO-BROWN

MOTOROLA MOBILITY, INC.,

    Plaintiff,

vs.

MICROSOFT CORPORATION,

    Defendants.

_____/

## ORDER GRANTING MOTION TO TRANSFER

**THIS MATTER** came before the Court on the Defendant's Motion to Transfer this Action to the Western District of Washington (D.E. 62). The Court has reviewed the Motion, the Response, the Reply, and all other pertinent portions of the file.

### Facts

Plaintiff Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with its principal places of business in Schaumburg and Libertyville, Illinois. Compl. ¶2. Motorola has a facility located in Plantation, Florida, within this District. Masci Decl. ¶ 3.

Defendant Microsoft Corp. ("Microsoft") is a Washington corporation founded in Bellevue, Washington and currently based in Redmond Washington, located in the Western District of Washington, where it has been headquartered since 1986. Kaefer Decl. ¶3. Microsoft employs nearly 40,000 people in the Seattle region. Id. at ¶4.

On November 10, 2010, Motorola filed this case that involves seven Motorola patents asserted against almost a dozen different Microsoft products ranging from operating systems to

1

messaging systems, and including Windows 7. On December 23, 2010, Microsoft filed a counterclaim against Motorola, asserting seven of its patents against over twenty different Motorola products, including its Android devices and digital video recorders. Resolution of this case will involve the construction and interpretation of over fifty individual claim limitations of the many involved patents.

At the time this case was filed, there were two cases already pending between these two parties in the Western District of Washington. On October 1, 2010, Microsoft had sued Motorola, accusing it of infringing nine of Microsoft's patents in conjunction with Motorola's Android device. (Case no. 2:10-cv-1577 (W.D. Wash) ("WDWA-1577").[1] On November 9, 2010, Microsoft again sued Motorola in the Western District of Washington alleging breach of contract, promissory estoppel and waiver, relating to Motorola's alleged promises to offer licenses for certain products that Motorola claims are necessary to use the 802.11 wireless standard (Wi-Fi) and the H.264 video compression standard. (Case no. 2:10-cv-01823 (W.D. Wash) ("WDWA-1823").

Three suits had also been filed by Motorola against Microsoft in the Western District of Wisconsin, Case No. 10-cv-699 ("WDWI-699"), 10-cv-700 ("WDWI-700"), and 10-cv-00826 ("WDWI-826"), which Microsoft moved to transfer to the Western District of Washington. The Motion to Transfer WDWI-699, which claimed that Microsoft's Windows 7 and Internet Explorer 9 infringe certain patents because of their support for the H.264 video compression standard, was granted in December, 2010.[2] Microsoft's Motion to Transfer WDWI-826, which involved

---

[1] Microsoft states that as of the date of the instant motion, that case was stayed while a complaint is proceeding in the United States International Trade Commission.

[2] The transferring Court noted that "defendant's principal place of business is in the W.D. Washington and at least one of the accused products (Windows 7) was designed there. Defendant's employees responsible for the development and sale of Windows 7 work in that district." Miner Decl. ¶ 8, Ex. 7 at 3.

Motorola's attack on Microsoft's Xbox 360 gaming system, was granted and the case was transferred to the Western District of Washington on April 1, 2011.[3]

In the complaint in the instant case, Motorola alleges venue solely based on Microsoft's products being sold within this District (Compl. ¶ 5) and Motorola has not identified any other Microsoft related activity that is particular to this District. There are no allegations that any of the Motorola products which Microsoft has allegedly infringed were manufactured in this District. The only relevant product which was manufactured in this District at Motorola's Plantation, Florida plant is the subject of Microsoft's subsequently filed counterclaim against Motorola.

## DISCUSSION

Microsoft moves to transfer this case to the Western District of Washington pursuant to 28 U.S.C. §1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court has broad discretion in determining whether these factors suggest that transfer is appropriate.[4]

---

[3] The transferring Court noted that "Defendant's principal place of business is in the Western District of Washington and all witnesses and documents relative to this claim are located there." Miner Decl. at ¶ 9, Ex. 8 at 5. Microsoft also moved to transfer WDWI -700 to the Western District of Washington, and Microsoft represents that the motion remained pending as of the date of the instant Motion.

[4] Although some courts have referred to the two doctrines interchangeably, a district court has more discretion in determining whether to transfer an action between federal courts under §1404(a) than to dismiss an action under the related doctrine of *forum non conveniens*. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981). The Court notes that the three part test cited by Motorola, which includes an inquiry as to whether plaintiff will be prejudiced by transfer, was originally derived from Leon v. Million Air, Inc., 251 F.3d 1305 (11th Cir. 2001), where the defendant sought dismissal on the ground of *forum non conveniens*, as opposed to transfer. See Resp. p. 8 (citing Global Innovation Tech. Holdings, LLC v. Acer Am. Corp., 634 F. Supp. 2d 1346, 1347 (S.D. Fla. 2009) (citing Million Air, Inc., 251 F.3d at 1310-11). In any event, the only "prejudice" which Motorola argues may result from transfer is the fact that Microsoft did not file its motion until May, 2011 and this case is currently scheduled for the two week trial period commencing October 24, 2011. Microsoft responds by noting that the contention interrogatories which "illustrated a lack of connections

There is no dispute that this action could have been brought in the Western District of Washington. Accordingly, the Court proceeds to apply the factors relevant to the transfer inquiry, which include:

> (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of service of process to compel the presence of unwilling witnesses, (5) the cost of obtaining the presence of witnesses, (6) the public interest, and (7) all other practical problems that make trial of the case easy, expeditious, and inexpensive.

Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002); see also Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005).

Although "[g]enerally, a 'plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations,'" "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp., 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) (quoting Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996)). Additionally, "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985).[5] Several district courts have held that the "'center of gravity'

---

between this case and Florida," (Reply p. 2) were not exchanged until April 15, 2011, and further points out that any discovery already taken in this case can also be utilized if the case is transferred. Moreover, the October, 2011 trial date is no longer in effect, as this case has recently been reset for trial commencing March 12, 2012 and the discovery deadline has been reset for November 4, 2011. The numerous claims involved have not yet been construed, and this Court has not made any substantive rulings in this case, in that there are currently at least twelve substantive very voluminous motions including two summary judgment motions which are not yet ripe.

[5] The Court finds that Motorola's statement that "'[t]he movant must ... show that the balance of convenience *strongly favors* transfer in order to overcome the presumption in favor of the plaintiff's choice of forum' even when the plaintiff is not resident in the forum" (Resp. p. 11 (citing

4

for a patent infringement case is where the accused product was designed and developed." Trace-Wilco, Inc. v. Sumantec Corp., No. 08-80877, 2009 WL 455432, at **2-3 (S.D. Fla. Feb. 23, 2009) (emphasis added) (and cited cases); see also Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005).

Moreover, the Court's focus in deciding this motion should be "on the action as filed and not on the counterclaims interposed by the party seeking transfer." Medtronic, Inc. v. American Optical Corp., 337 F. Supp. 490, 493-94 (D. Minn. 1971) (citing Hoffman v. Blaski, 363 U.S. 335 (1960)). Although Motorola does have a location in Plantation, the product which was manufactured there, the iDEN phone, is not a subject of Motorola's claim, but rather is a part of Microsoft's counterclaim.

Because the claims raised in Motorola's complaint only appear to have a limited connection with this District, only minimal deference will be given to Plaintiff's choice of forum.

### 1. Convenience of Parties

Both parties are major corporations with a nationwide presence. Although Motorola has a plant in this District, it is not a resident. Microsoft, on the other hand, is headquartered in the Western District of Washington. The Court finds that the "convenience of parties" factor weighs in favor of transfer to the Western District of Washington.

### 2. The Convenience of the Witnesses

"Convenience of the witnesses is given more weight [than convenience of the parties] when considering transfer of venue." Central Money Mortgage Co. [IMC], Inc. v. Holman, 122 F. Supp.2d 1345, 1346 (M.D. Fla. 2000). In determining which parties' witnesses are more inconvenienced by

---

Carrizosa v. Chiquita Brands Intern., Inc., No. 07-60821, 2007 WL 3458987, at *3 (S.D. Fla. Nov. 14, 2007)) (emphasis in original)) to be an inaccurate statement of the law as stated in that case.

a venue, "the court must qualitatively evaluate the materiality of the testimony that the witness[es] may provide" in the case, and may not just compare the number of witnesses in each forum. Gonzalez v. Pirelli Tire, LLC, No. 07-80453-CIV, 2008 WL 516847, at *2 (S.D. Fla. Feb. 22, 2008) (internal quotation marks and citation omitted).

Because Microsoft is located in Washington, as recognized by the District Court of Wisconsin, the majority of the witnesses who were involved with the products and patents at issue in the complaint are located in Washington. Microsoft has specifically identified sixteen individuals "who are most knowledgeable in regards to fifteen categories of topics relating to the Microsoft Accused Products" who work at Microsoft's Redmond, Washington facility. See Kaefer Decl. ¶12. Microsoft further states that none of the inventors of the Microsoft patents at issue reside in Florida, but rather, four who are currently employees reside in Washingon, and of the eleven who are no longer employed at Microsoft, five reside in Washington and six reside in California. Kaefer Decl. at ¶¶13, 14, Ex. 3; Atty Decl. at ¶12, Ex. 11.[6]

In comparison to these strong ties to the Western District of Washington, Motorola states that only two of the seven patents it asserts were violated in this action "have substantial ties to this District." Motorola also argues that out of its thirty six possible witnesses "eleven inventors and prosecuting attorneys who are no longer employed by Motorola all reside within the subpoena power of this Court." Resp. p. 13. As Microsoft points out, however, Motorola has not asserted that these witnesses would need to be compelled to testify by subpoena in Washigton, but merely refers to "the **possibility** that material non-party witnesses cannot be compelled to attend trial." (Resp. p. 14)

---

[6]Although Motorola argues that there is no direct overlap between the claims in this case and those in currently pending in the Western District of Washington, Motorola has not countered Microsoft's argument that one of the products being attacked both in this District and in Washington is Microsoft 7, and that many of the witnesses in both of those cases would be the same.

(emphasis added).[7] Microsoft notes that the third party subpoenas issued by Motorola were to corporations located in Texas, Washington and California, and of the seven deponents noticed for deposition as of the filing of the instant motion, two reside in Washington, three reside in California, and none reside in Florida.

Microsoft has established that there are more witnesses who will be inconvenienced by maintaining this case in this District, and in light of Motorola's failure to identify any particular witness whose testimony it will not be able to obtain in Washington, the Court finds that this factor also weighs in favor of transfer. See Cellularvision, 508 F. Supp. 2d at 1191 (reasoning that where plaintiff listed several Florida witnesses, but "most of the witnesses that will be knowledgeable about nationwide infringement issues ... are located in Arkansas," "[i]t seems likely that more witnesses will be inconvenienced by conducting this litigation in Florida than would be the case in Arkansas").

### 3. The Relative Ease of Access to Sources of Proof

Microsoft argues that "[t]he bulk of the evidence regarding Motorola's patent infringement claims will be located in Washington, where Microsoft operates and developed the accused products." Mot. p. 13. However, Motorola points out that due to the state of discovery, the relevant documents have already been produced. The Court finds that this factor does not weigh in favor of transfer.

---

[7]Microsoft also notes that "many of these individuals appear to be outside lawyers who have worked for Motorola at one time or another, and it is far from obvious why Motorola would call them as witnesses at trial," (Reply p. 6) and that three of these attorney witnesses were not disclosed until after the filing of the Motion to Transfer.

### 4. The Availability of Service of Process to Compel the Presence of Unwilling Witnesses and the Cost of Obtaining the Presence of Witnesses

Neither party has identified any particular witness who will be unavailable to testify in the respective Districts. Accordingly, this factor does not weigh in favor of, or against, transfer.

### 5. The Public Interest

The Court must also take into consideration "those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988). Some of these factors include: "those reasons related to the forum: the familiarity of the court with the applicable law, the connection with the chosen forum (in order to avoid juries having to hear cases which are wholly unrelated to local interests), and a host of other factors relating to judicial efficiency." Geltech Solutions, Inc. v. Marteal, Ltd., No. 09-CV-81027, 2010 WL 1791423 (S.D. Fla. May 5, 2010) (citing Liquidation Com'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1356-57 (11th Cir. 2008)).

This Court finds that due to the extent of Microsoft's presence in the Western District of Washington, the local interest in this case would be higher there than in this District. Furthermore, although there is no direct overlap between the claims in this case and those pending in Washington, Microsoft has pointed to some technological issues which may be common to both cases, and to that extent, the knowledge of that District Court may be superior to that of this Court. This Court agrees with Microsoft that "[t]here is no overriding public interest that should require this Court to adjudicate satellite litigation here, especially when the resources required to adjudicate this case could be streamlined with the cases already pending in Washington." Reply p. 8.

## CONCLUSION

When all of the relevant factors are considered, the Court finds Microsoft has met its burden of showing that transfer of this case to the Western District of Washington is appropriate, particularly

given the limited deference to Motorola's choice of a venue which is not its residence. The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Transfer this Action to the Western District of Washington the Motion to Transfer is hereby **GRANTED,** and Clerk shall transfer this case to the Western District of Washington.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of August, 2011.

                                                    STEPHEN T. BROWN
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Federico A. Moreno
        Clerk of Court
        Counsel of record